# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**OLIVIA COLEMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0923** (BOR Appeal No. 2055323)
                    (Claim No. 2018019569)

**GENESIS HEALTHCARE GROUP,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner Olivia Coleman, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Genesis Healthcare Group, by counsel Evan J. Jenkins, filed a timely response.

This claim is in litigation pursuant to protests to two separate claims administrator Orders dated January 22, 2019. The first Order denied requests for a nuclear bone scan ("NUC bone scan"), an MRI of the right shoulder, and an MRI of the cervical spine. The second Order closed the claim for temporary total disability benefits. The claim is also in litigation pursuant to the claims administrator's Order dated May 28, 2019, which denied an updated diagnosis request for Complex Regional Pain Syndrome ("CRPS") and pain in the right arm. On April 22, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed all of the claims administrator's decisions. This appeal arises from the Board of Review's Order dated October 26, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Coleman, a Certified Nursing Assistant, sustained a work-related injury on February 27, 2018, while moving a resident. The claim was initially held compensable on a no lost time basis by the claims administrator on March 1, 2018, for strain of unspecified muscle, fascia and tendon at the right wrist and hand level. On March 15, 2018, the description of the injury was revised, and the claim was held compensable for sprain/strain of the right wrist, and sprain/strain of the right forearm. Ms. Coleman was granted temporary total disability benefits beginning February 28, 2018. Since the time of her injury, Ms. Coleman has undergone MRIs, x-rays of her hands and wrist, as well as an EMG. On June 18, 2018, Ms. Coleman underwent physical therapy with Paul Bailey, M.S., who diagnosed right wrist sprain and CRPS. Mr. Bailey reported that she was able to move her right extremity, but she had increased pain and tingling with any touching or moving.

Prasadarao B. Mukkamala, M.D., performed an Independent Medical Evaluation, and in a report dated June 21, 2018, it was noted that Ms. Coleman presented with complaints of cramping of the fingers in the right hand, as well as a tingling and needles sensation about the same area. Dr. Mukkamala disagreed with the diagnosis of CRPS and deferred an impairment rating until after an MR arthrogram of Ms. Coleman's right wrist. He found that her current symptoms represented symptom magnification, but he would reserve judgment, as well as an impairment rating, until he had an opportunity to review the MR arthrogram of the right wrist. Dr. Mukkamala submitted a supplemental report dated July 27, 2018. After reviewing the MR arthrogram of the right wrist, Dr. Mukkamala reported that it revealed a full thickness tear/perforation of the membranous portion of the triangular fibrocartilage complex, intact scapholunate and lunotriquetral ligament complexes, and a disruption of the extensor carpi ulnaris subsheath with subluxation of the ECU from its normal distal ulnar groove. There was also a small longitudinal split tear of the ECU, and mild tenosynovitis of extensor compartments two and three. Dr. Mukkamala concluded that Ms. Coleman was not at maximum medical

2

improvement and recommended a re-evaluation for surgical debridement. If surgery was indicated, then Dr. Mukkamala would concur with that judgment.

On August 9, 2018, Ms. Coleman was evaluated by Shafic Sraj, M.D., at the WVU Hand Surgery Clinic. The impression was right shoulder pain and right carpal tunnel syndrome. Dr. Sraj treated Ms. Coleman's shoulder pain with an injection and a splint for carpal tunnel pain in her wrist. He said that if she continued to have problems, she may have an additional injection at her next visit. Dr. Sraj kept her off work until he could reassess her three weeks later. Ms. Coleman returned to Dr. Sraj on August 30, 2018, and reported that when she wakes up in the morning, her fingers are in flexion and she has to extend them with her other hand. Dr. Sraj's impression was right upper extremity pain and numbness of a diffuse nature of unclear etiology. He noted that physical therapy had not provided relief and she was referred to Russell Biundo, M.D. a physical medicine and rehabilitation specialist.

Progress notes from Dr. Biundo dated October 8, 2018, report that Ms. Coleman was seen for evaluation of her neck and right arm pain. The assessment was CRPS and pain in the right arm, with treatment of referral to pain clinic for pain injections. Dr. Biundo recommended a bone scan for further evaluation. He recommended light duty work that did not include the use of a phone due to a high level of anxiety.

Ms. Coleman's medical records were reviewed by Michael Goldman, M.D., who prepared a Peer Review report dated November 1, 2018. Dr. Goldman concluded that she suffered pain of the right upper extremity with no known etiology. It was his opinion that she had no shoulder issues and did not have CRPS. Dr. Goldman stated that Ms. Coleman's current complaints were related to a non-compensable condition, and that she had reached her full and complete recovery from the work injury. Dr. Goldman stated that, should a bone scan be performed, he could guarantee that it would not show CRPS.

A report from Corinne Layne-Stuart, D.O., dated January 3, 2019, indicated that Ms. Coleman was seen for pain management for right wrist/hand/shoulder pain. Ms. Coleman reported she had experienced color changes and that her forearm felt cold to the touch. On examination, she exhibited dry scaly skin of the dorsum of her hands greater on the right than the left, distinct skin changes of the cuticles worse on the right than the left, and calluses over the joints of the fingers of the right hand that were not present on the left hand. The examination also revealed increased redness of the right thumb, first and second fingers, and the medial forearm of the right when compared to the left. Dr. Layne-Stuart noted on examination that Ms. Coleman did not demonstrate symptom magnification or drug-seeking behavior. The diagnoses were shoulder pain, unspecified chronicity, unspecified laterality, and CRPS. The treatment plan designed by Dr. Layne-Stuart included an MRI, x-rays of the right shoulder, and a three phase NUC bone scan.

As part of the evidence in the record, an investigative report of Titan Investigative Alliance for surveillance from November 8, 2018, through January 8, 2019, indicated that Ms. Coleman was seen driving, smoking cigarettes, using a cell phone, and grasping objects using her left and right hands. The claims administrator referred Ms. Coleman to Dr. Mukkamala

again, who prepared an Independent Medical Evaluation report dated January 15, 2019. Upon examination, the texture and consistency of her skin over the right hand was slightly more erythematous. The color of the skin over the right hand was slightly more erythematous when compared to the left, particularly on the dorsum with no difference with relation to the palm of the hand. There was no edema or swelling, nor any atrophy. Grip strength was measured with a Jamar dynamometer at fifty pounds in the right hand and seventy pounds in the left. Dr. Mukkamala's diagnosis was nonspecific symptoms in the right upper extremity. He opined that the injury that Ms. Coleman sustained on February 27, 2018, had resolved and her ongoing complaints were not substantiated by any pathology. Dr. Mukkamala opined that she could work at a light physical demand level limiting material handling to no more than ten pounds on a frequent basis and no more than twenty-five on an occasional basis. Dr. Mukkamala found no organic basis for Ms. Coleman's present complaints. After finding that she had reached maximum medical improvement, Dr. Mukkamala found 0% impairment due to the compensable injury.

On January 22, 2019, the claims administrator suspended Ms. Coleman's temporary total disability benefits. On the same date, the claims administrator entered two additional decisions, awarding 0% whole person impairment and denying a NUC bone scan, an MRI of the right shoulder, and an MRI of the cervical spine. Ms. Coleman protested the claims administrator's Orders. Dr. Biundo completed a Diagnosis Update on May 2, 2019, requesting that pain in the right arm and CRPS be added as compensable diagnoses in the claim.[1] On May 28, 2019, the claims administrator issued a decision denying the requested diagnosis update.

In a Final Decision dated April 22, 2020, the Office of Judges found that a NUC bone scan, an MRI of the right shoulder, and an MRI of the cervical spine were not medically and reasonably related treatment for the compensable injury. The Office of Judges stated in its Order that the claim was correctly closed for temporary total disability benefits, as Ms. Coleman had reached maximum medical improvement for the compensable conditions of a right wrist and forearm strain. The Office of Judges further held that Ms. Coleman's right arm pain is not a compensable diagnosis but only a symptom. It was concluded that Ms. Coleman failed to meet her burden of proof demonstrating by a preponderance of the evidence that she suffered CRPS in the course of and as a result of the compensable injury. As such, the two Orders of the claims administrator dated January 22, 2019, and the Order of May 28, 2019, were affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision on October 26, 2020.

---

[1] On the Diagnosis Update form, Dr. Biundo listed Ms. Coleman's primary diagnosis as "pain in right arm," and he listed the secondary diagnosis description as "complex regional pain syndrome." The form further requested Dr. Biundo to provide clinical findings on which the current diagnosis is based and to advise how the claimant's present condition relates to the compensable injury. Although Dr. Biundo wrote, "See attached office note," the record does not show that an office note providing clinical findings and advising how the condition relates to the compensable condition was attached.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Ms. Coleman argues her physicians have consistently diagnosed her with CRPS, and it should logically follow that her claim should not have been closed on a temporary total disability basis because she has not reached maximum medical improvement. She also contends that the NUC bone scan ordered by Dr. Biondo is a reasonable and necessary step in treating the condition. However, as the Office of Judges noted, CRPS is not a compensable diagnosis in the claim. The Diagnosis Update section authored by Dr. Biundo requesting that CRPS be added to the claim did not include clinical findings on which the diagnosis was based, and he did not advise how Ms. Coleman's present condition relates to the compensable injury. The Office of Judges did not err in relying upon the opinion of Dr. Mukkamala regarding the request to add CRPS as a compensable condition in this claim as the Office of Judges determined that it is the most persuasive medical opinion of record.

Affirmed.

**ISSUED: February 1, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton